United States District Court
Southern District of Texas
RECEIVED
FILED
JUN 21 2002
Michael N. Milby, Clerk of Court

## MISCELLANEOUS

6/21/02

B-02.014

Sometime in 1997 the then manager of Laguna Atascosa Wildlife Refuge Rio Hondo Texas, U S Fish & Wildlife started calling me at my home in Fredericksburg texas - He told me he needed a Park Ranger/interpreter at the Refuge

He said he knew because of my background I was perfect for the job -

I finally said O.K. He then told me I needed to be close to Rio Hondo by July 1999. I quit my job with Texas Parks & Wildlife, sold my home and moved first to Lozano, Tx and then to San Benito - Several months later I found out he had hired a woman half my age with half my experience. I contacted E E O C in Albuquerge New Mexico - they interviewed me and agreed I had been discriminated against because of my age - they sent me a "right to sue" letter -

With the help of Senator Phil Grams office and Congressman Soloman Ortiz's office we have kept working on it since 1999. I finally received my right to file a civil action on May 16, 2002 - Now I am having a difficult time finding an attorney to handle the case - I have kept all my Correspondance as has John Gonzales in Senator Grams Dallas office. Area Code 214 - 767 - 3000 - I am running out of time since I was given Ninety days (90) - I would very much like to bring closure to this So I can get on with my life. Thank you for any help you can give me -

101 Las Palmas St. Apt #1    Respectfully
San Benito, texas 78586    Eunice Priest

me (956) 361 0460



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**


Eunice Griest,
Complainant,

v.

Gale A. Norton,
Secretary,
Department of the Interior
(Fish & Wildlife Service)
Agency.

Appeal No. 01A11088

Agency No. FWS-00-001R2

DECISION

Complainant timely initiated an appeal from a final agency decision (FAD) concerning her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405. For the following reasons, the Commission AFFIRMS the agency's final decision.

Complainant alleged that she was discriminated against on the bases of sex (female), age (72), and reprisal, when on August 4, 1999, a younger, less experienced person was selected for the position of Park Ranger, GS-0025-04, advertised as Vacancy Announcement Number DS-9-0644, Rio Hondo, Texas.

The record reveals that during the relevant time, complainant was an applicant for employment to the agency's Santa Ana and Lower Rio Grande Valley National Wildlife Refuge, Rio Hondo, Texas facility. Believing she was a victim of discrimination, complainant sought EEO counseling and subsequently filed a formal complaint on October 8, 1999. At the conclusion of the investigation, complainant was informed of her right to request a hearing before an EEOC Administrative Judge or alternatively, to receive a final decision by the agency. When complainant failed to respond within the time period specified in 29 C.F.R. § 1614.108(f), the agency issued a final decision.

In its FAD, the agency concluded that complainant established a *prima facie* case of sex and age discrimination because she established that at least one of the selectees for the position was male and significantly younger than complainant. The agency determined, however, that complainant

01A11088

failed to establish a *prima facie* case of retaliation because she failed to establish she engaged in prior protected activity.

The agency also found it articulated legitimate, nondiscriminatory reasons for not selecting complainant for the Park Ranger position. Specifically, the Selecting Official averred that complainant was not selected because she did not score high enough to be placed on the Certificate of Eligibles. Since complainant was not on the Certificate of Eligibles, he could not select her for the position.

Complainant does not make any contentions on appeal. In response to the appeal, the agency requests we affirm the final decision.

Applying the standards set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Loeb v. Textron*, 600 F.2d 1003 (1st Cir. 1979) (requiring a showing that age was a determinative factor, in the sense that "but for" age, complainant would not have been subject to the adverse action at issue); and *Hochstadt v. Worcester Foundation for Experimental Biology, Inc.*, 425 F. Supp. 318, 324 (D. Mass.), *aff'd*, 545 F.2d 222 (1st Cir. 1976) (applying *McDonnell Douglas* to reprisal cases), the Commission agrees with the agency that complainant failed to prove, by a preponderance of the evidence, that the agency's reasons for its actions are a pretext for discrimination. In reaching this conclusion, we note that complainant did not dispute the agency's assertions that she failed to score high enough to be placed on the Certificate of Eligibles. Although complainant argues that she was more qualified that one of the younger selectees, she failed to produce any persuasive evidence in support of her contention. Instead, complainant argues that the Selecting Official encouraged her to apply for the position, and in reliance on his statements, complainant sold her house and moved closer to the agency's facility. Finally, complainant failed to produce any evidence that the agency harbored a discriminatory animus towards her because of her age or sex.

Therefore, after a careful review of the record, including arguments and evidence not specifically addressed in this decision, we AFFIRM the FAD.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

    1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

3                                                          01A11088

2.      The appellate decision will have a substantial impact on the policies, practices, or
        operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal
Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty
(20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R.
§ 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614
(EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the
Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box
19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider
shall be deemed timely filed if it is received by mail within five days of the expiration of the
applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include
proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration
as untimely, unless extenuating circumstances prevented the timely filing of the request. Any
supporting documentation must be submitted with your request for reconsideration. The
Commission will consider requests for reconsideration filed after the deadline only in very limited
circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within
ninety (90) calendar days** from the date that you receive this decision.   If you file a civil action,
you must name as the defendant in the complaint the person who is the official agency head or
department head, identifying that person by his or her full name and official title. Failure to do
so may result in the dismissal of your case in court. "Agency" or "department" means the national
organization, and not the local office, facility or department in which you work. If you file a
request to reconsider and also file a civil action, **filing a civil action will terminate the
administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an
attorney, you may request that the Court appoint an attorney to represent you and that the Court
permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973,
as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole
discretion of the Court.** Filing a request for an attorney does not extend your time in which to

4                                          01A11088

file a civil action.  Both the request and the civil action must be filed within the time limits as
stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

MAY 1 5 2002
_____
Date


## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within
five (5) calendar days after it was mailed.  I certify that this decision was mailed to
complainant, complainant's representative (if applicable), and the agency on:

MAY 1 5 2002
_____
Date

*R Byrd*
_____
Equal Opportunity Assistant